## Brookside Limited Partnership v. Township of White

Charles S. Morrow and Mark B. Aronson, for petitioners.

Edward S. Young, for respondent.

REED, J., March 2, 1982—

### HISTORY OF THE CASE

This case is an equity action which was filed by plaintiff seeking injunctive relief against defendant White Township. The testimony at the hearing established that plaintiff is the owner of an apartment complex situated in White Township, Beaver County, Pa. Plaintiff was the developer and builder of this apartment complex and while the project was being constructed, plaintiff requested that Duquesne Light install street lights in the development. Duquesne Light advised plaintiff that they did not install street lights for private developers and that the request for such installation would have to come from White Township. Plaintiff then went to the Board of Supervisors of White Township requesting that arrangements be made for the installation of street lights in their development. Pur-

suant to the request by plaintiff, the parties entered into an agreement on April 13, 1977 which provided that 11 street lights be placed on the apartment complex premises by Duquesne Light Company; that the light company would bill the township for the electricity; and that plaintiff would reimburse the township for the charges for said electricity. After several payments were made on the electricity bills for these lights, plaintiff stopped paying. At the March 4, 1981 meeting of the Board of Supervisors of White Township, it was voted by the board to notify plaintiff that $1,897.72 was owed on the bills. A letter was sent to plaintiff advising them that if the bill was not paid the street lights would be turned off. Following receipt of this notice, plaintiff filed the complaint in equity to enjoin any action by the township. White Township filed an answer as well as a counterclaim for the money due under the agreement. At the trial, it was established that plaintiff owed defendant the sum of $2,332.85 under the agreement.

Following the trial the court entered a decree nisi dismissing the complaint in equity and finding for defendant on the counterclaim. Plaintiff filed exceptions which were heard by the court en banc and dismissed. Plaintiff appealed and this opinion is being filed to set forth the reasons for the decision of the court en banc.

## STATEMENT OF QUESTION PRESENTED

Was the Contract Entered Into Between the Township of White and the Plaintiff Valid?

## DISCUSSION

Although plaintiff filed a suit seeking equitable relief, and offered some testimony at the trial to

establish that the lack of street lighting on the streets in question would constitute a hazardous condition to the public, plaintiff furnished the court with no authority to support its position that equity has jurisdiction in this matter. In the brief filed before the court en banc, plaintiff asserts that the sole issue is whether or not a Second Class Township has the legal authority to enter into a contract such as the one entered into between Brookside Limited Partnership and White Township.

The Township of White is a Second Class Township located within the County of Beaver and is a Municipal Corporation organized and existing under the Second Class Township Code. Section 801 of the Second Class Township Code provides as follows: Power to make contracts—each Township may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of this act and the laws of the Commonwealth. Section 702, (53 P.S. §65702), of the code grants to the supervisors the right to exercise powers to provide for street lighting within the township. Although there is no specific grant of authority to make a contract for reimbursement, such authority is certainly implied by the cited sections of the code. Municipalities are not limited strictly to the exerise of only those powers granted in expressed words but may also exercise those powers necessarily of fairly implied in or incident to powers expressly granted, and those essential to declared objects and purposes of the municipality which are not simply convenient but indispensible. In general, the grant of power to a municipal corporation necessarily includes all appropriate means for carrying out the purposes specified. Thus the powers of a municipality includes those granted by statute by neces-

sary implication: P.L.E. §43, Municipal Corporations.

It is obvious that under Section 702 (53 P.S. §65702) that the township supervisors of a Second Class Township have the power to either provide or not to provide for street lights as they find appropriate. The fact that they have the power to provide the roads and public places of the township with illumination certainly implies that they have the power to terminate that illumination at their discretion. Plaintiff in this case argues that because the street lights were once installed that the township is now prohibited from doing anything which would terminate their use.

Plaintiff also contends that the township had previously determined that the health and safety of the community required the placing of street lights in plaintiff's development. There is nothing in the record in this case to indicate that the township made a determination that the street lights were necessary for the health and welfare of the community. In fact, the evidence in this case establishes that the street lights were installed because of a request made by the developer to the township to have Duquesne Light install the street lights. In addition, we found as a fact that the evidence did not support plaintiff's position that the termination of street lighting in this area would constitute a hazard to the health, safety, and welfare of the community.

It is also plaintiff's contention that the contract which was prepared by plaintiff and submitted to the township by plaintiff is invalid. Plaintiff requested that White Township arrange to have Duquesne Light install the street lights in question. The township did this on condition that plaintiff reimburse White Township for the amount of

money paid for electricity for the street lights. Plaintiff and defendant entered into such an agreement. Plaintiff now, however, refuses to comply with the agreement and alleges as the basis for the refusal to comply that the agreement which it proposed and prepared is invalid. The agreement between White Township and plaintiff was prepared by or under the direction of Mark B. Aronson who is one of the partners of the Brookside Limited Partnership.

As we understand plaintiff's position, plaintiff is contending the agreement is invalid because it violates the second paragraph of Section 702 (53 P.S. §65702) which says that a contract providing for lighting for roads, highways, and other public places cannot exceed ten years. As we read the agreement in this case, it is not a contract for lighting, but a contract for reimbursement to White Township by plaintiff for the cost of the lighting. This contract is between the developer and the Township of White, and Duquesne Light Company is not a party to the contract. For these reasons we concluded that the contract did not come under the ten year limitation.

This ten year limitation is discussed in the case of Weiker v. Roux, 49 Commw. Ct. 513 (1980). The case says, among other things, that the legislature only intended to provide that no contract for lighting shall have a term of more than ten years. Furthermore, the case holds that no limitation is placed on the number of successive ten year contracts which may be entered into.

Plaintiff has cited no case or other law in support of its position and we have concluded that there is absolutely no merit in any of the arguments made by plaintiff. For these reasons the exceptions were dismissed and the decree nisi affirmed.